UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re	Case No. 08-30272-DHW
	Chapter 11
HARRIS CONCRETE PRODUCTS, LLC,

    Debtor.

HARRIS CONCRETE PRODUCTS, LLC,

    Plaintiff,
v.	Adv. Proc. No. 09-3009-DHW

STUCCO, PLASTERING & MASONRY
BY MARCO, INC., G. R. HARVILL, INC.,
GEORGE R. HARVILL, *et al.*,

    Defendants.

MEMORANDUM OPINION

    Harris Concrete Products, LLC, chapter 11 debtor, filed a complaint to recover a prepetition outstanding receivable for materials supplied to Stucco, Plastering & Masonry by Marco, Inc. ("Marco") in connection with the construction of a hotel in Ft. Walton Beach, Florida. Marco was a subcontractor to G. R. Harvill, Inc., the general contractor. George R. Harvill is the president of G.R. Harvill, Inc. The debtor seeks payment in the amount of $59,475.99 for 28 invoices issued to Marco.

    Marco did not file an answer to the complaint. G. R. Harvill, Inc. and George R. Harvill filed an answer and a motion for summary judgment. The debtor filed a cross-motion for summary judgment. In the motion for summary judgment, the debtor seeks payment of only $37,959.66. The parties do not dispute the following facts for purposes of these summary judgment motions.

## Undisputed Facts

Marco placed orders with the debtor for the purchase of concrete block. The concrete block was delivered to Marco, and the debtor sent invoices for the block to Marco. Marco failed to pay the invoices. The debtor did not take the necessary steps under Florida law to acquire a lien against either the underlying property or Harvill, Inc.

After the concrete blocks had been delivered, George Harvill called the debtor and demanded information regarding Marco's account, including invoices and amounts outstanding, and agreed to pay Marco's obligation to the debtor.

The debtor did not send, and the Harvill defendants did not receive, any invoices from the debtor for the amounts owed by Marco.

## Contentions of the Parties

The debtor contends that the Harvill defendants became primarily liable on Marco's contract with the debtor by agreeing to pay the outstanding balance due by Marco.

George R. Harvill contends that the plaintiff has produced no evidence to show that, in his dealings with the debtor, he acted in anything other than his capacity as president of G. R. Harvill, Inc.

G. R. Harvill, Inc. denies entering a contract with the debtor and denies becoming the primary obligor under Marco's contract with the debtor. Harvill, Inc. contends that, at most, it made an oral promise to become a surety which is unenforceable under the statute of frauds.

## Legal Standard

The standard for summary judgment established by Fed. R. Civ. Proc. 56 is made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. Proc. 7056. The rule provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

Summary judgment is appropriate when "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party moving for summary judgment "bears the burden of proving that no genuine issue of material fact exists." *Information Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). Once met, the burden shifts to the non-movant to "show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." Id. at 1224-25.

Conclusions

First, the debtor has not produced any evidence to show that George R. Harvill, in his dealings with the debtor, acted in anything other than his capacity as president of G. R. Harvill, Inc. Therefore, summary judgment is due to enter in favor of George R. Harvill on all counts against him individually.

Second, the debtor concedes that if G. R. Harvill, Inc. made a promise to become a surety, that promise is not enforceable under the statute of frauds. *See Ala. Code* § 8-9-2(3). Therefore, summary judgment is due to enter in favor of Harvill, Inc. under the theory of surety.

Third, the debtor contends that Harvill, Inc. became primarily liable on Marco's contract with the debtor by agreeing to pay the outstanding balance due by Marco. The debtor cites to *Smith v. Rials*, 595 So.2d 490 (Ala. Civ. App. 1991), *Fendley v. Dozier Hardware Co.*, 449 So.2d 1236

(Ala. 1984), and *Adventure Travel Agency v. Falkenburg*, 441 So.2d 928 (Ala. Civ. App. 1983). The cases prescribe tests for determining whether a party is primarily or secondarily liable on a contract.

The court concludes that Harvill, Inc. did not become primarily liable on Marco's contract with the debtor by promising to pay the balance due. Such an obligation would fail for want of consideration. By the time that Harvill, Inc. made the promise to pay, the blocks had been delivered. Therefore, any detriment agreed to be suffered by Harvill, Inc. was for a benefit that had already been conferred. This is a classic case of past consideration.

Therefore, summary judgment is due to enter in favor of Harvill, Inc. on all counts asserting that it became the primary obligor on Marco's contract with the debtor.

Though the debtor may not recover against Harvill, Inc. as either a surety or a primary obligor, a genuine issue of material fact exists as to whether the debtor may recover against Harvill, Inc. under the theory of *quantum meruit* relief. Therefore, summary judgment will be denied on that theory of recovery.

A separate order will enter.

Done this 1st day of July, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Plaintiff
Jeffrey U. Beaverstock, Attorney for Defendant